IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Respondent, | * | |
| v. | * | Criminal Action No. GLR-01-304 |
| LEON COLEMAN, | * | |
| Petitioner. | * | |

***

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on self-represented Petitioner Leon Coleman's

Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 603(B)

of the First Step Act (ECF No. 895) and Motion for Reduced Sentence under Amendment

821 (ECF No. 897). The Motions are ripe for disposition, and no hearing is necessary. <u>See</u>

Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will deny the

Motions.

## I.    BACKGROUND

On February 26, 2003, Leon Coleman pleaded guilty to Conspiracy to Distribute

and Possess with Intent to Distribute Narcotics. (Mot. Relief J. 18 U.S.C. § 3582(c) Sec.

603(B) First Step Act ["Mot. Compassionate Release"] ¶¶ 8–9, ECF No. 895). He was

sentenced on May 23, 2003, to 360 months in prison with five years of supervised release.

(<u>Id.</u> ¶¶ 4–5). The Court entered Judgment four (4) days later. (<u>Id.</u> ¶ 3). Coleman did not

appeal. (<u>Id.</u> ¶ 11).

On October 2, 2024, Coleman filed this instant Motion, requesting a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 603(B) of the First Step Act. (Mot. Compassionate Release, ECF No. 895). Coleman filed a subsequent Motion on October 9, 2024, for a two-point reduction of his sentence under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Mot. Sentence Reduction U.S.S.G. § 4A1.1(d) 1B1.10 ["Amend. 821 Mot."], EFC No. 897). The Government filed an Omnibus Response to both motions on November 25, 2025. (ECF No. 911). Coleman filed a Reply on December 31, 2025. (ECF No. 914).

## II.    DISCUSSION

Coleman seeks a sentence reduction under the First Step Act and a two-point reduction of his sentence under Amendment 821. The Court will address each Motion in turn.

### A.    Motion to Reduce Sentence under § 3582

#### 1.    Standard of Review

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed," unless specified exceptions apply. United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), also known as the compassionate release provision, a court may modify a term of imprisonment under certain conditions. See United States v. Maycock, No. GLR-14-0133, 2020 WL 2395620, at *1 (D.Md. May 12, 2020). The First Step Act of 2018 amended and further expanded the compassionate release provision, allowing federal inmates to file motions for sentence reductions without having to rely on the Bureau of Prisons ("BOP") to initiate

2

any motion for compassionate release. See United States v. Gregory, 538 F.Supp.3d 562, 565–66 (D.Md. 2021).

Before moving for compassionate release, the defendant must either exhaust all administrative remedies or wait thirty (30) days "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582 (c)(1)(A). The Court must then determine if the defendant demonstrated "extraordinary and compelling reasons" supporting relief to be eligible for a sentence reduction. United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022). Lastly, the Court must "find that release is appropriate under 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable," id. at 831, as well as whether reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582 (c)(1)(A); Gregory, 538 F.Supp.3d at 566. The Court has discretion to grant or deny a motion for compassionate release based on circumstances involving "illness, declining health, age, exceptional family circumstances, as well as 'other reasons.'" United States v. Williams, No. ELH-19-0286, 2023 WL 4490325, at *7 (D.Md. July 11, 2023) (citing U.S.S.G. § 1B1.13). The other factors include whether the defendant is a danger to the safety of any other person or to the community under 18 U.S.C. § 3142(g).

2.      **Analysis**

a.      **Administrative Exhaustion**

The Court will first consider whether Coleman has exhausted his administrative remedies as required under 18 U.S.C. § 3582 (c)(1)(A). On July 14, 2024, Coleman submitted an administrative request for compassionate release to the warden of his facility.

(Mot. Compassionate Release ¶¶ 13–14). To date, Coleman has not received a response to his request. (Id.). Because 30 days have passed since the submission of Coleman's compassionate release request, and because the Government does not contend that Coleman has failed to exhaust his administrative remedies, (Gov't's Omnibus Response Opp'n Pet.'s Mot. Compassionate Release Mot. Reduced Sentence Amend. 821 ["Opp'n"] at 8 n.4, ECF No. 911),[1] the instant Motion is properly before the Court for a determination on the merits.

### b.      Extraordinary and Compelling Reasons

The Court will next review the merits of Coleman's Motion for Compassionate Release. As this Court has previously explained, 18 U.S.C. § 3582, as amended, grants courts with independent discretion to decide whether and under what circumstances present "extraordinary and compelling reasons" to modify a sentence. Wise v. United States, No. ELH-18-72, 2020 WL 2614816, at *5–7 (D.Md. May 22, 2020). While not binding, the United States Sentencing Guidelines ("U.S.S.G") Section 1B1.13 can aid in this analysis. The U.S.S.G. provides examples of what constitutes "extraordinary and compelling reasons," including: medical conditions of the defendant; familial circumstances; whether the defendant is the victim of abuse; unusually long sentences; the defendant's age; and a catch-all "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6).

Here, Coleman moves for compassionate release based on (1) rehabilitation efforts; (2) disparity in sentencing; (3) change in law; (4) youthfulness at the time of the offense;

---

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

4

(5) length of sentence; (6) improper sentence calculation; and (7) inequity. (Mot. Compassionate Release at 1). The Court will review these factors below.

As an initial matter, the Court cannot properly address Coleman's claim that compassionate release is warranted based on an improper BOP time-in-custody calculation. This relief must be sought through a habeas petition in the district of confinement. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."). Coleman is serving his sentence at FCI Pollock in Pollock, Louisiana. (Mot. Compassionate Release at 1). Accordingly, this Court does not have jurisdiction to grant the relief Coleman seeks. See Miller, 871 F.2d at 489–91.

Next, Coleman has not established "extraordinary and compelling reasons" for compassionate release based on disparity in sentencing or changes in sentencing law. Coleman does not identify any change in the law that would change his applicable Guidelines range. (See Mot. Compassionate Release ¶¶ 33–56). While Coleman discusses several cases in which allegedly similar defendants received lower sentences, sentencing is an exercise of discretion, see United States v. Foreman, No. JKB-11-0398, 2025 WL 2402612, at *1–2 (D.Md. Aug. 19, 2025) (explaining that courts exercise their discretion under 18 U.S.C. § 3553(a) to impose sentences), and Coleman must specify "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)," U.S.S.G. § 1B1.13(b)(6), to warrant consideration of sentence length as a

factor in compassionate release. Further, Coleman cites the Supreme Court's decision in United States v. Booker, in which the Supreme Court held that mandatory sentencing guidelines that rely on judicial fact-finding to increase sentences are unconstitutional. 543 U.S. 220, 265 (2005); (Mot. ¶ 75). Even given the now-nonbinding nature of the sentencing guidelines, however, the Booker Court found that "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 264 (emphasis added). Coleman's reliance on Booker is therefore misplaced because, as the Government points out, the Court sentenced Coleman to a below-guidelines term of imprisonment. (Opp'n at 12). In other words, if the Court sentenced Coleman today, he would still face a Guideline range of life imprisonment. (Id. at 12). Thus, neither the length of his sentence nor sentence disparities warrant an "extraordinary and compelling reason" for compassionate release.

Coleman next argues that the disparity between his sentence and the sentences of his co-defendants warrants "extraordinary and compelling reasons" for compassionate release. (Mot. Compassionate Release ¶¶ 57–67). As mentioned, however, courts have discretion in weighing the Section 3553(a) factors in imposing sentences, taking into consideration the unique facts and circumstances of each case. See Foreman, 2025 WL 2402612, at *1–2. Further, co-defendants can be sentenced differently, even for the same offenses. See United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005). Here, Coleman pleaded guilty to a serious drug charge and agreed, in his plea agreement, that the violence perpetrated in furtherance of the drug organization in which he was involved, including murders, were reasonably foreseeable to him. (Mot. Compassionate Release ¶ 8; Opp'n at

5). The Court remains particularly concerned with Coleman's role as a leader of the drug organization at issue. (See July 22, 2021 Order at 2, ECF No. 832; J. USCA at 4, ECF No. 879). This sets him apart from his co-defendants and can account for a difference in sentencing. As such, his sentence, even though different than his co-defendants, is not an "extraordinary and compelling reason" for his release.

Coleman next contends that his youth at the time of the offense weighs towards compassionate release. (Mot. Compassionate Release ¶¶ 82–85). At the time of the offense, however, Coleman already had several convictions, including one for first-degree assault with a firearm, for which he was on probation at the time of the instant offense. (Opp'n at 16). Accordingly, his youthfulness does not compel compassionate release.

Coleman also argues that he presents a low risk to public safety. (Mot. Compassionate Release ¶¶ 86–89). This claim is contrasted with the twenty-three (23) disciplinary infractions he has incurred while incarcerated. (See BOP's Inmate Discipline Data for Inmate Leon Coleman, ECF No. 911-1.) Thus, Coleman's argument for low risk to public safety is unconvincing.

Finally, Coleman claims his rehabilitative efforts support his release. (Mot. Compassionate Release ¶¶ 26–32). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). It may, however, "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, because none of the other factors weigh towards "extraordinary and compelling reasons," Coleman's rehabilitation, while commendable, cannot stand on its

own to warrant compassionate release. At bottom, Coleman has not demonstrated an "extraordinary and compelling reason" for this Court to grant compassionate release under § 3582(c)(1) and the Court will deny his Motion.

**B.      Motion to Reduce Sentence under Amendment 821**

**1.      Standard of Review**

Coleman also moves for a reduction of his sentence under Amendment 821 to the U.S.S.G., alleging he qualifies for the "status points" reduction under U.S.S.G § 4A1.1. (Amend. 821 Mot.). Amendment 821 is a two-part amendment. Before November 2023, the Sentencing Guidelines assessed two criminal history "status points" for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2022). Part A of Amendment 821 retroactively alters the application of the Sentencing Guidelines § 4A1.1 such that "a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points." United States v. Diaz, No. JKB-16-0259, 2025 WL 327314, at *1 (D.Md. Jan. 28, 2025). Part B retroactively affects those who were assessed zero criminal history points at the time of sentencing and who have none of the specified aggravating factors. United States v. Chen, 2025 WL 402066 at *1 (D.Md. Feb. 4, 2025).

**2.      Analysis**

At sentencing, Coleman was assessed five (5) criminal history points due to his prior convictions and two (2) additional "status points" because he was under a criminal judicial sentence at the time of the instant offense. (Opp'n at 19). Under Amendment 821, Coleman

8

would no longer receive the "status points" given his five (5) criminal history points. This reduction changes Coleman's criminal history category from IV to III; however, the Court agrees with the Government's argument that, because Coleman was subject to a total offense level of 43 under the murder cross-reference guideline at U.S.S.G. § 2D1(d)(1), his applicable guideline range remains life imprisonment. (Opp'n at 20). A petitioner is not eligible for sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, Coleman is not eligible for a reduced sentence under Amendment 821, and the Court will deny his Motion.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion for Compassionate Release (ECF No. 895) and Motion for Reduced Sentence (ECF No. 897). A separate Order follows. Entered this 26th day of March, 2026.

_____/s/_____
George L. Russell, III
Chief United States District Judge
